UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TRUIST BANK,

    Plaintiff,

v.                                   Civil Action No. 2:25cv50

SECRETARY OF DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,

ESTATE OF MARY VIRGINIA BANKS,

JOANIE M. MOORE,

LOUISE BANKS RICHMOND,

PAMELA MICHELLE BANKS,

TEIA MONIQUE HAWKINS HARRIS,

PROVANDA BANKS,

GEORGE M. TEMPLE, *Trustee*,

F. McKIM BEALE, *Trustee*,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In this suit to collect the balance due on a note in default, Plaintiff Truist Bank ("Truist" or "Plaintiff") moved the court to authorize a judicial sale of the real property securing the debt. Mot. to Auth. Sale of Real Prop. ("Mot. for Judicial Sale") (ECF No. 28). The only Defendant to have answered, a junior lienholder, represented by the Secretary of Housing and Urban Development ("Secretary of HUD"), consents to the relief. After all of the other interested parties failed to appear, Truist moved for entry of default judgment authorizing the sale. Mot. for Default J. (ECF No. 36). Both motions have been referred to me to prepare a Report and

1

Recommendation. As set out in detail below, this Report concludes that Truist has established grounds for a judicial sale. Accordingly, I recommend the court grant Truist's Motions and authorize the sale as set forth in the proposed Order attached to this Report as Exhibit A.

## I. PROCEDURAL HISTORY AND FACTS

Truist's Complaint alleges that Mary Virginia Banks ("Banks") entered into a Purchase Money Loan secured by real property located at 571 Laurel Street in Franklin, Virginia (the "Property"). Compl. ¶ 12, 14, 17 (ECF No. 1, at 3-4). That loan, currently in default for nonpayment, was eventually acquired by Truist. Id. ¶¶ 19, 20, 24 (ECF No. 1, at 4-5). The loan consists of a Note and Deed of Trust dated June 30, 1997. A copy of the Deed of Trust is attached to Plaintiff's Complaint as Exhibit B. (ECF No. 1-2). A copy of the Note is attached to Truist's Brief in Support of Motion for Default as Exhibit I. (ECF No. 37-1).

Banks died intestate on December 15, 2021, and her sister, Joanie M. Moore, qualified with the Clerk's Office of Southhampton County Circuit Court as her Administrator. Compl. Ex. G (ECF No. 1-7). In addition to her sister, Banks was survived by three other heirs,[1] Louise Banks Richmond, Teia Monique Hawkins Harris, and Provanda Banks, each of whom were named as Defendants in the original Complaint and served with a Summons and Complaint in April 2025. Compl. (ECF No. 1), Return of Service (ECF Nos. 17-20). None of these Defendants filed any responsive pleadings, and the Clerk entered default against all of the heirs. (ECF No. 27). For its part, on October 15, 2025, the junior lienholder, represented by the Secretary of HUD, answered the Complaint, asserting its second position lien against the Property with a balance due on its Note in the amount of $3,855.30. Answer ¶¶ 27-28 (ECF No. 25, at 4); Answer Exs. A & B (ECF Nos. 25-1, -2).

---

[1] A fourth suspected heir was originally named in the Complaint but later determined to have only a "speculative" interest, and dismissed. Order (ECF No. 34).

2

Following entry of default, Truist moved the court to enter an Order authorizing judicial sale of the Property, (ECF No. 28). Along with its Motion, Truist attached an Affidavit verifying the outstanding balance on the Note and confirming its ongoing default for nonpayment. Br. Supp. Mot. for Judicial Sale ("Judicial Sale Br.") Ex. K (ECF No. 29-3). The Motion also included proof of Joanie Moore's qualification and evidence that none of the named Defendants and heirs to Mary Virginia Banks were subject to protection under the Servicemembers Civil Relief Act, 50 U.S.C. § 309 *et seq*. Judicial Sale Br. Ex. I (ECF No. 29-1). Because the Motion for Judicial Sale seeks to empower Banks' Administrator, Joanie Moore, rather than a Special Commissioner, the Motion also includes evidence of the Property's value and an existing contract for sale which would produce funds sufficient to discharge all of the debt. Judicial Sale Br. Ex. J (ECF No. 29-2). The time allowed for responding to the Motion has now expired. None of the Defendants filed a response and on May 5, 2026, the matter was referred to me for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). Order (ECF No. 39).

## II. ANALYSIS

In accordance with § 636, on referral "[a] magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ." Fed. R. Civ. P. 72(b)(1). Thus, based on the District Judge's previous Referral Order, the undersigned will issue a recommended disposition for Plaintiff' Motion for Default Judgment, reserving entry of final judgment to the District Judge, following an opportunity for objections pursuant to Rule 72(b). See also 28 U.S.C. § 636(b)(1)(C).

3

## A. Default Judgment Legal Standard

Default judgment is appropriate where a defendant "has failed to plead or otherwise defend" against an action and that failure is demonstrated by an affidavit or other filing. Fed. R. Civ. P. 55(a); see also Chafin v. Chafin, 568 U.S. 165, 175 (2013). After securing entry of default, a plaintiff may move for entry of default judgment. And, where a claim is not for a sum certain, the plaintiff must apply to the court, as opposed to the clerk, for entry of default judgment. Fed. R. Civ. P. 55(b)(2); EMI Apr. Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009); S. Bank & Trust Co. v. Pride Grp., LLC, No. 2:14-cv-255, 2015 WL 410726, at *3 (E.D. Va. Jan. 28, 2015). Whether to grant default judgment lies within the sound discretion of the court. See Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953-54 (4th Cir. 1987).

In this case, Defendants' responses to the Complaint were all due no later than May 20, 2025. See Fed. R. Civ. P. 12(a)(1)(A). By failing to answer or otherwise respond, the Defendants have admitted "the plaintiff's well-pleaded allegations of fact" in the Complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); see Fed. R. Civ. P. 8(b)(6). That is, they have admitted the allegations in the Complaint to the extent that the Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Pride Grp., LLC, 2015 WL 410726, at *4 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Necessarily then, the Court must evaluate the sufficiency of the Complaint to support the causes of action alleged. See, e.g., id.; Joe Hand Promotions, Inc. v. Citibars, Inc., 2:11-cv-58, 2012 WL 503212, at *3 (E.D. Va. Feb. 8, 2012) (citing Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians, 155 F.3d 500, 506 (4th Cir. 1998)) ("[T]he Court must nevertheless determine whether Plaintiff' complaint states a claim upon which relief can be granted.").

4

### B. Motion for Default Judgment and Order for Judicial Sale

After review, Truist's Complaint, Motion for Judicial Sale, and Motion for Default Judgment establish that the Banks Estate is indebted to Truist for the sums due on its Note, and that a Judicial Sale is an appropriate remedy.

Notes and deeds of trust are construed as contracts under Virginia law. See Squire v. Va. Hous. Dev. Auth., 758 S.E.2d 55, 60 (Va. 2014). To succeed on any claim for breach of contract under Virginia law, plaintiff must prove (1) a legal obligation of each defendant to the plaintiff; (2) a violation or breach of that obligation, and (3) resulting damage to the plaintiff. Caudill v. Wise Rambler, Inc., 168 S.E. 2d 257, 259 (Va. 1969). Under Virginia Code Section 8.01-27, a civil action may be maintained "upon any note or writing by which there is a promise, undertaking, or obligation to pay money" so long as the note is signed by the party to be charged or its agent. Va. Code § 8.01-27. The statute of limitations to enforce obligations on a note is six years from the date payments are due. Va. Code § 8.3A-118. Finally, under § 8.3A-308, signatures on negotiable instruments are presumed valid unless denied in the pleadings.

Here, the admitted facts confirm that Mary Virginia Bank executed a Promissory Note and Deed of Trust which is now in default for nonpayment. Compl. ¶¶ 15, 17, 39 (ECF No. 1, at 4.6). By virtue of multiple assignments, and at least one merger, Truist became the holder of the Note entitled to enforce its terms. Id. ¶¶ 19, 20, 24 (ECF No. 1, at 4-5). The Note fell into default in November 2023, following Banks' passing, and Truist instituted this action to recover its debt by selling the secured Property. As set forth above, Truist's original Complaint named all parties in interest, including Banks' Administrator, and her heirs at law, as well as a junior lienholder represented by the Secretary of Housing and Urban Development.

Thus, the admitted allegations of the Complaint establish that Truist is entitled to recover sums owed on the Promissory Note and secured by the Property. The relief requested in Truist's Motion for Judicial Sale is in line with that contractual remedy which is explicitly provided for in the Deed of Trust. See Compl. Ex. B ¶ 18 (ECF No. 1-2, at 8). However, because the United States has a junior lien against the Property, federal law requires that Truist proceed with a judicial sale with respect to any forced sale of the Property.

Under 28 U.S.C. § 2410(c), any "action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale." Although the statute does not define judicial sale, subsequent case law makes clear that it must be instituted under court supervision. This court recently summarized the law requiring judicial sale in these circumstances in another action by Truist to enforce a secured debt:

> The Fourth Circuit has not addressed this issue as definitively as the Eighth Circuit. However, in Kasdon v. United States the Fourth Circuit did consider the United States' interest in a property following a tax sale conducted by a Maryland state court. In Kasdon, the Fourth Circuit affirmed the district court's finding that the United States had not waived its sovereign immunity because the tax sale was not a judicial sale as contemplated by § 2410(c). 707 F.2d at 822 (citing Kasdon v. G.W. Zierden Landscaping, Inc., 541 F. Supp. 991 (D. Md. 1982)). In reaching its decision, the district court acknowledged that while "[w]hat may accurately be denominated as a judicial sale is not very well settled," *the sale "must be based upon an order, decree or judgment directing sale."* G.W. Zierden, 541 F. Supp. at 996 (quoting A.H. & R.S. Coal Corp. v. United States, 461 F.Supp. 752, 755 (W.D. Pa. 1978)). Accordingly, when a sale does not emanate from a judgment, it cannot be said to be "judicial," and therefore, the requirements of §§ 2410(a) and (c) are not met.
>
> …
>
> [B]ecause the United States, through the HUD Loan, has an interest in the Property, a judicial sale is necessary because only in such circumstances does the United States waive its sovereign immunity which may allow the Property to be sold free and clear of all liens and claims.

6

Order, <u>Truist Bank et al. v. Sec'y of Dep't of Hous. & Urb. Dev. et al</u>, No. 2:24-cv-00454 (E.D. Va. Apr. 29, 2025) (ECF No. 31) (first citing <u>Kasdon v. United States</u>, 707 F.2d 820, 822–23 (4th Cir. 1983); and then quoting <u>Kasdon v. G.W. Zierden landscaping, Inc.</u>, 541 F. Supp. 991, 996 (D. Md. 1982)).

Although the Complaint in this case originally envisioned sale by a court-appointed Special Commissioner, Truist's Motion instead seeks to authorize the sale of real property by Banks' Administrator, Joanie Moore. As set forth in the uncontested allegations in the Motion, Moore has already secured a contract for the sale of the Property. Judicial Sale Br. Ex. J (ECF No. 29-2). Empowering the Administrator to sell the Property under court supervision eliminates the need to pay a Special Commissioner. The full price offer already obtained for the Property will satisfy all outstanding liens and provide additional funds to distribute to Banks' heirs at law, none of whom have appeared to contest the terms of the proposed judicial sale. The junior lienholder represented by the Secretary of HUD consents to proceeding without a Special Commissioners on the terms outlined in the suggested Order attached as Exhibit A.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Truist's Motion for Default Judgment, (ECF No. 36), and its Motion to Authorize the Sale of Real Property, (ECF No. 28), and enter an Order authorizing Joanie Moore, as Administrator of the Estate of Mary Virginia Banks, to sell the Property. A suggested form Order is attached to this Recommendation as Exhibit A.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.      A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

**Notwithstanding the default, counsel for Truist is directed to deliver by regular mail a copy of this Report and Recommendation to any non-answering Defendant for whom an address was provided for service.**

The Clerk shall provide an electronic copy of the Order to all counsel of record.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

May 11, 2026

8

**Exhibit A**

IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

| | | |
|---|---|---|
| TRUIST BANK | * | |
| *Plaintiff,* | * | |
| v. | * | **Civil Action No:  2.25-cv-00050** |
| | * | |
| SECRETARY OF DEPARTMENT OF | * | |
| HOUSING AND URBAN DEVELOPMENT | * | |
| | * | |
| ESTATE of MARY VIRGINIA BANKS | * | |
| | * | |
| JOANIE M. MOORE | * | |
| | * | |
| LOUISE BANKS RICHMOND | * | |
| | * | |
| PAMELA MICHELLE BANKS | * | |
| | * | |
| TEIA MONIQUE HAWKINS HARRIS | * | |
| | * | |
| PROVANDA BANKS | * | |
| | * | |
| GEORGE M. TEMPLE, Trustee | * | |
| *and* | * | |
| F. McKIM BEALE, Trustee | * | |
| *Defendants.* | * | |

**PROPOSED ORDER AUTHORIZING SALE OF PROPERTY**

**UPON CONSIDERATION** of the Plaintiff's "Motion to Authorize the Sale of Real

Property" (ECF 28) and the Brief in Support thereof (ECF 29), and seeing that the motion is

consented to by counsel for the Secretary of Housing and Urban Development (HUD), it is this

_____ day of _____, 2026 hereby

**ORDERED** that the Plaintiff's Motion is **GRANTED**, and the Court hereby authorizes

Joanie M. Moore, as Administrator of the Estate of Mary Virginia Banks, to sell the real property

legally described as

> All that certain lot, tract or parcel of land lying and being situate in the City of
> Franklin, Virginia, known, numbered and designated as Lots 37 & 38,
> Meadowbrook, as shown on that certain map entitled 'PHYSICAL SURVEY
> SHOWING LOTS 37 & 38 MEADOWBROOK, BEING CONVEYED TO MARY

V. BANKS LOCATED AT 571 LAUREL STREET CITY OF FRANKLIN, VIRGINIA SCALE 1" = 30' JUNE 7, 1997, by Williams & Vann - Land Surveyors 1104 North High Street Franklin, Virginia 23851, with said plat being attached hereto, made a part hereof, and recorded in the Clerk's Office of the Circuit Court of Southampton County, Virginia in Deed Book 431 at page 606 and reference to which is hereby made for a more particular description of said property,

and commonly known as 571 Laurel Street, Franklin, Virginia (hereinafter "Property") to Gerald Walter Scott for $80,100.00. At the closing for said transaction, the two mortgage loans encumbering the Property, namely the June 30, 1997 mortgage loan originally for $46,400.00, that is now held by Truist Bank, and the May 22, 2021 mortgage loan for $3,855.30, that is held by the Secretary of HUD, shall be paid in full. Any funds remaining after the payment of the two mortgage loans, the fees and costs of closing, the payment of transfer taxes and a commission to Broker Darren Stauffer, shall be paid to the Estate of Mary Virginia Banks and distributed by the Administrator to the heirs of Mary Virginia Banks.

_____
Arenda Wright Allen
United States District Judge

At Norfolk, Virginia
This _____ day of May, 2026

**I ASK FOR THIS:**

TRUIST BANK
Plaintiff

By:    */s/ Robert Oliveri*_____
Robert Oliveri, Esquire, VSB No. 47247
BROCK & SCOTT, PLLC
484 Viking Drive Suite 170
Virginia Beach, Virginia 23452-7321
757-255-5286 (direct)
703-840-4279 (facsimile)
robert.oliveri@brockandscott.com
*Counsel for the Plaintiff*

**SEEN AND AGREED:**

SECRETARY OF HOUSING AND URBAN DEVELOPMENT
Defendant

TODD W. BLANCHE
ACTING U.S. ATTORNEY GENERAL

By:    */s/ Kent P. Porter*
      Kent P. Porter, VSB No. 22853
      Supervisory Assistant U.S. Attorney
      Office of the United States Attorney
      101 W. Main Street, Suite 8000
      Norfolk, Virginia 23510-1671
      Telephone: 757.441.6331
      Facsimile: 757.441.6689
      Email: kent.porter@usdoj.gov
      *Counsel for Defendant*