UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TRUIST BANK,

        Plaintiff,

    v.

SECRETARY OF DEPARTMENT OF
HOUSING AND URBAN DEVELOP-
MENT, ESTATE OF MARY VIRGINIA
BANKS, JOANIE M MOORE, LOUISE
BANKS RICHMOND, TEIA MONIQUE
HAWKINS HARRIS, PROVANDA
BANKS, GEORGE M TEMPLE, *Trustee*,
and F. MCKIM BEALE, *Trustee,*

        Defendants.

Civil No. 2:25cv50

## FINAL ORDER

Pending before the Court are a Motion to Authorize the Sale of Real Property (the "Motion for Judicial Sale") (ECF No. 28) and a Memorandum in Support thereof (ECF No. 29) and a Motion for Entry of a Default Judgment (the "Motion for Default Judgment") (ECF No. 36) and a Memorandum in Support thereof (ECF No. 37) (together, the "Motions") filed by Plaintiff Truist Bank ("Plaintiff" or "Truist").

On January 27, 2025, Truist filed a Complaint for a Judicial Sale. Compl., ECF No. 1. In the Motion for Judicial Sale, Truist moves the Court for entry of an Order that authorizes the administrator of the estate at issue in this case to sell and close on the real property commonly known as 571 Laurel Street in Franklin, Virginia. Mot., ECF No. 28. The Motion for Judicial Sale provides that Defendant Secretary of

1

Housing and Urban Development ("Secretary of HUD") consents to the relief sought in the motion. *Id.* In the Motion for Default Judgment, Truist moves the Court for entry of default judgment against Defendants Estate of Mary Virginia Banks, Joanie M. Moore, Louise Banks Richmond, Teia Monique Hawkins Harris, and Provanda Banks (collectively, the "Non-Answering Defendants") due to their failure to file a responsive pleading to the Complaint after each of the Non-Answering Defendants were served with service of process. Mot., ECF No. 36. A response was not filed by any of the Non-Answering Defendants to the Motions.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and Eastern District of Virginia Local Civil Rule 72, and by order of reference dated May 5, 2026, the Motions were referred to United States Magistrate Judge Douglas E. Miller for a report and recommendation ("R&R"). Order, ECF No. 39. On May 11, 2026, Judge Miller filed an R&R wherein he recommended that the Motions be granted, and that the sale of the property be authorized. R&R at 1, ECF No. 40.

By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by Judge Miller within 14 days. *Id.* at 8. No party filed any objections. The Motions are therefore ripe for adjudication. When a magistrate judge's disposition has been properly objected to, the district judge must make *de novo* findings with respect to the portions objected to. Fed. R. Civ. P. 72(b)(3). However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

2

recommendation." *Id.* (advisory committee's note on rules—1983).[1] The Court has reviewed the Motions, the R&R, the record, and the governing law, and finds no clear error on the face of the record.

Accordingly, the Court hereby **ORDERS** and **ADJUDGES** as follows:

1. The R&R (ECF No. 40) is **ACCEPTED** and **ADOPTED**;

2. The Motion for Judicial Sale (ECF No. 28) is **GRANTED**;

3. The Motion for Default Judgment (ECF No. 36) is **GRANTED**; and

4. The Court hereby **AUTHORIZES** Joanie M. Moore, as Administrator of the Estate of Mary Virginia Banks (the "Administrator"), to sell the real property legally described as:

> All that certain lot, tract or parcel of land lying and being situate in the City of Franklin, Virginia, known, numbered and designated as Lots 37 & 38, Meadowbrook, as shown on that certain map entitled 'PHYSICAL SURVEY SHOWING LOTS 37 & 38 MEADOWBROOK., BEING CONVEYED TO MARY V. BANKS LOCATED AT 571 LAUREL STREET CITY OF FRANKLIN, VIRGINIA SCALE 1" = 30'JUNE 7, 1997, by Williams & Vann- Land Surveyors 1104 North High Street Franklin, Virginia 23851, with said plat being attached hereto, made a part hereof, and recorded in the Clerk's Office of the Circuit Court of Southampton County, Virginia in Deed Book 431 at page 606 and reference to which is hereby made for a more particular description of said property,

and commonly known as 571 Laurel Street, Franklin, Virginia (the "Property") to Gerald Walter Scott for $80,100.00. At the closing for said transaction, the two

---

[1] "The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review." *Berry v. Hunt*, 13 F. App'x 148, 149 (4th Cir. 2001). As Plaintiff and Defendants were so warned, *see* R&R at 8, ECF No. 40, and did not file objections, appellate review of this Order has been waived.

mortgage loans encumbering the Property, namely the June 30, 1997 mortgage loan originally for $46,400.00, that is now held by Truist, and the May 22, 2021 mortgage loan for $3,855.30, that is held by the Secretary of HUD, shall be paid in full. Any funds remaining after the payment of the two mortgage loans, the fees and costs of closing, the payment of transfer taxes and a commission to Broker Darren Stauffer, shall be paid to the Estate of Mary Virginia Banks and distributed by the Administrator to the heirs of Mary Virginia Banks.

The Clerk is **DIRECTED** to please provide a copy of this Order to all counsel of record, and to each of the Non-Answering Defendants for whom an address was provided for service.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
Senior United States District Judge

June 5, 2026
Norfolk, Virginia

4